**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| GLENN MICHAEL HEAGERTY, JR.: | | |
| | : | CASE NUMBER G20-21593-JRS |
| DEBTOR | : | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND EXEMPTIONS AND MOTION TO DISMISS CASE OR IN THE ALTERNATIVE MOTION TO CONVERT TO CHAPTER 7**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

Due to the developing issues with the COVID-19 virus and the national declaration of emergency by the President of the United States, the Meeting of Creditors held pursuant to 11 U.S.C. Section 341, for the instant case, was conducted telephonically. Without in-person contact the Trustee was unable to collect a properly completed and signed Debtor Questionnaire. The Chapter 13 Trustee requests the Debtor file with the Bankruptcy Court a completed and signed questionnaire. A fillable pdf version of the questionnaire can be found at http://www.njwtrustee.com/wp-content/uploads/Debtor-Questionnaire1.pdf.

2.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

The Debtor has failed to file tax returns with the Internal Revenue Service for the four (4) year period prior to filing in violation of 11 U.S.C. Section 1308.

4.

The Debtor has failed to provide to the Trustee a copy of the last tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

5.

The Trustee has not received the completed business packet   The Trustee requests the Debtor complete and provide to the Trustee the business packet that includes copies of Cash Flow Reports, the Business Debtor Questionnaire and other documents requested in writing by the Trustee on or about December 30, 2020.  The Trustee requests these documents in order to determine the accuracy and veracity of the schedules. 11 U.S.C. Section 1325(a)(3), 11 U.S.C. Section 1325(a)(6), 11 U.S.C. Section 1325(b)(1)(B) and Bankruptcy Rule 1007.

6.

The Trustee requests proof of the Debtor's current household income, in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

7.

The Trustee requests an affidavit that states Debtor's ownership interest in any and all corporations and the assets/debts of those corporations.  Additionally, the Trustee requests documentation of the status of all ongoing lawsuits and claims and an itemization of the value of those claims at $761,000.00.  The Trustee requests these documents in order to determine the accuracy and veracity of the schedules as well as review of the Chapter 13 Plan. 11 U.S.C. Section 1325(a)(3), 11 U.S.C. Section 1325(a)(6), 11 U.S.C. Section 1325(b)(1)(B) and Bankruptcy Rule 1007.

8.

Questions number four (4) and five (5) of Debtor's Statement of Financial Affairs do appear incomplete because they do not disclose the full amount of settlement and business income received in violation of 11 U.S.C. Section 521(a)(1) and Bankruptcy Rule 1007(b)(1).

9.

The Debtor fails to disclose his ownership interest in Consumer Solutions, Inc. and the value of that interest as an asset on Schedule B in violation of 11 U.S.C. Section 521.

10.

On Schedule A, Debtor has fails to accurately reflect the type of real property he has an interest in and fails to accurately reflect a value for the real estate in violation of 11 U.S.C. Section 521.   Pursuant to Debtor's testimony at the Section 341 Meeting of Creditors, the Debtor valued his interest in residential real estate at $0 based on potential title deficiencies.  However, online search engines show a range of values from comparable sales of $277,000-$312,000.  The Debtor's basis for valuation may not be accurate and may not be applicable to valuation in this bankruptcy case for the purpose of compliance with 11 U.S.C. Sections 506, 522, and 1325(a)(4).  Accordingly, the Trustee objects to confirmation of Debtor's Chapter 13 plan for failure to meet the best interest of creditors test and for failure to properly provide for the secured claims of Wilmington Savings Fund and Sewanee View Farms HOA in sections 3.1 and 3.4.   11 U.S.C. Section 1322(b)(5) and 11 U.S.C. Section 1325.

11.

It appears that the Debtor is represented by counsel in a pending or anticipated non-bankruptcy litigation.  Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

12.

The Chapter 13 Schedules reflect an exemption for residential real estate using 100% of the fair market value in O.C.G.A. Section 44-13-100(a)(1)(6), an amount that exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100.

13.

The Chapter 13 Schedules reflect an exemption of $761,000.00 in O.C.G.A. Section 44-13-100(a)(11)(D), an amount that exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100.

14.

The Debtor's Schedule F provides for multiple creditors under the name of "Unable to identify" and does not provide an address for notice for any of those creditors.  The Debtor has not sufficiently provided notice to these creditors and has not disclosed all debts properly.  11 U.S.C. Section 521.

15.

The Debtor's Schedule G appears to have provided for multiple potential lawsuit related claims as ongoing executory contracts rather than disclosing those items as assets.  11 U.S.C. Section 521.

16.

The Debtor fails to correctly complete Schedule I line 8a.  The Debtor should disclose all income from the business he operates and complete the required attachment detailing gross business receipts and expenses as instructed on Schedule I line 8a.  11 U.S.C. Sections 521 and 1325(b)(1)(B).

17.

The Debtor has not disclosed the amount of income the Debtor has received/and or is entitled to receive from his settlement of claims during the last year on the Statement of Financial Affairs, Schedule B nor Schedule I.  Without knowledge of what the Debtor has received and still has from those claims, the Trustee cannot determine the feasibility of the proposed plan, whether the Debtor has proposed the plan in good faith, nor whether the Debtor is contributing all required disposable income to general unsecured creditors.  11 U.S.C. Sections 1325(a)(6), 1325(a)(3), and 1325(b)(1)(B).

18.

The Chapter 13 budget reflects a monthly net income of only $0.00, thereby rendering the proposed Chapter 13 plan payment of $100.00 per month infeasible in violation of 11 U.S.C. Section 1325(a)(6).

19.

The Debtor's plan in Section 3.4 proposes to avoid the lien of Sawnee View Farms HOA, but fails to properly calculate the basis for the avoidance of the lien.

20.

The Chapter 13 plan proposes to value the secured lien of Georgia Department of Revenue and potentially reduce the funds to be received on the creditor's secured claim. The Debtor has failed to file a motion to accompany this plan treatment.  The proposed treatment may violate 11 U.S.C. Section 506 and 11 U.S.C. Section 1322(b)(2).

21.

The plan fails to treat Forsyth County Tax Commissioner, in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

22.

The Debtor's plan includes a non-standard provision in Part 8 which may not be permissible pursuant to the Bankruptcy Code, Rules or General Order 41-2020.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, dismiss the case or in the alternative convert to Chapter 7.

Respectfully submitted,

/s/
Maria C. Joyner,
Attorney for Chapter 13 Trustee
GA Bar No. 118350
303 Peachtree Center Ave., NE, Suite 120
Atlanta, GA  30303
(678) 992-1201

/mep

# CERTIFICATE OF SERVICE

Case No: G20-21593-JRS

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection to Confirmation and Exemptions and Motion to Dismiss or In the Alternative Motion to Convert to Chapter 7 to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

GLENN MICHAEL HEAGERTY, JR.
2890 WILLOW WISP WAY
CUMMING, GA 30040

OFFICE OF THE U.S. TRUSTEE
ATTN: JENEANE TREACE
75 TED TURNER DRIVE, S.W.
SUITE 362
ATLANTA, GA 30303


This the 14th day of January, 2021.


/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201